*Sanchez Zamora v. Garland*

BIA
McNulty, IJ
A206 762 292

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

FELIPE BENICIO SANCHEZ ZAMORA,
> *Petitioner,*

v.                                                            22-6191
                                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Ioan Florin Cristea, Centro Legal de
                              Inmigracion, Bay Shore, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Felipe Benicio Sanchez Zamora, a native and citizen of El Salvador, seeks review of a March 28, 2022, decision of the BIA affirming an April 5, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Felipe Benicio Sanchez Zamora*, No. A206 762 292 (B.I.A. Mar. 28, 2022), *aff'g* No. A206 762 292 (Immig. Ct. N.Y. City Apr. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's decision and the BIA's decisions, including the portions of the IJ's decision not explicitly discussed by the BIA. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 523 (2d Cir. 2007); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including an adverse

2

credibility determination, "under the substantial evidence standard," and we review questions of law and the application of fact to law *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence

3

supports the agency's adverse credibility determination.

As the Government contends, Sanchez Zamora's argument that the IJ erred in failing to evaluate his competency to proceed at the hearing is unexhausted and therefore not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is "mandatory" when the Government raises it). Sanchez Zamora alleged through counsel before the BIA that his mental health issues affected his memory of specific dates. However, he did not raise any argument before the BIA that the IJ specifically erred in failing to evaluate his competency. Any competency claim Sanchez Zamora now raises is thus unexhausted.

Sanchez Zamora alleged past persecution by gang members and the Salvadoran police because of his sexual orientation and gender presentation and/or because he had witnessed gang members abduct his brother. In finding him not credible, the agency reasonably relied on inconsistencies in his statements and evidence about when and how many times he was harassed by the police and assaulted by gang members, when his brother was abducted by gang members, and when he left El Salvador. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As to the alleged harm, his affidavit reported that police officers harassed and harmed him on one

4

occasion, but he testified to two incidents, adding a second incident in which he was detained overnight. The agency was not required to credit his explanation that he did not think to include the second incident in his affidavit. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The IJ also reasonably relied on inconsistencies that called into question both whether and when the alleged incidents occurred and what the motivation was for the alleged gang assault. In his affidavit, Sanchez Zamora asserted that his brother was abducted by gang members on December 28, 2013, and that the same gang members attacked him approximately five months later, which would be May 2014. On direct examination, he first testified that gang members attacked him on December 16, 2013, because he witnessed them abduct his brother. Then, he claimed that his brother was abducted three days after that. Finally, he testified on direct that he had a second encounter with the same gang members when they threatened to kill his sister if he did not withdraw a police report. On cross examination, Sanchez Zamora testified that his brother was abducted on

5

December 19, 2013, and he was personally attacked by the gang members three days earlier.

When confronted with these inconsistent statements, which called into question whether gang members assaulted him because of what he had witnessed, Sanchez Zamora said he was attacked and his brother was abducted on December 16, 2013, and December 19, 2013 was when his family filed a police report concerning his brother's abduction. He stated that he had not realized that his affidavit said the abduction was December 28. But he then created additional inconsistency, testifying that his brother's kidnappers attacked him five days after the abduction, not before the abduction as previously testified to, or five months later as he had stated in his affidavit; then he compounded the inconsistency, stating that the attack was about ten days after the abduction. The agency was not required to credit his explanation that he had memory problems because his medical evidence confirmed a diagnosis of anxiety and depression, but did not discuss any effects of those diagnoses or confirm memory problems. *See id*.

In addition to the problems with the timeline of the assault, his application reflected that he left El Salvador on March 10, 2014, and entered the United States on May 18, 2014. But he testified first that he left El Salvador on January 2, 2014,

6

then that he left in January 2013, then that he left more than four years after his brother was abducted. Sanchez Zamora's explanation that he completed two applications does not explain why he would have included different information in those applications, or why some of his statements were incompatible with his timeline of events in El Salvador. *Id.*

The adverse credibility determination is bolstered by the IJ's finding that Sanchez Zamora was not always responsive to the questions asked, and the lack of reliable corroboration. As to responsiveness, the IJ who wrote the decision was not the IJ who presided over the merits hearing; therefore, she evaluated Sanchez Zamora's responsiveness based on review of the record.[1] Even assuming that she is not due the same deference as an IJ present for the hearing, *cf. Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (explaining that "the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility" (quotation marks omitted)), the record supports the IJ's finding that Sanchez

---

[1] After the IJ who presided over the hearing retired, another IJ issued the decision, in which she confirmed that she had familiarized herself with the full record prior to issuing her decision. *See* 8 C.F.R. § 1240.1(b). Sanchez Zamora does not raise any challenges related to the fact that a different judge—rather than the one who presided over his testimony—ultimately adjudicated his claim by relying on an adverse credibility finding.

Zamora's "evasive and non-responsive answers suggest untruthfulness, rather than difficulty remembering facts or dates" because there were multiple instances when Sanchez Zamora's answers were not responsive to the questions asked about things other than dates. *See* Certified Admin. Record at 43, 93–101, 129–31, 136–37.

Further, the agency did not err in finding that the documentary evidence failed to rehabilitate Sanchez Zamora's claim or otherwise satisfy his burden of proof. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Sanchez Zamora provided a police report and affidavits from his sister (Ismelda), brother (Romero), and neighbor (Fatima) to corroborate his claim. The agency reasonably did not know how to assess the police report because it details a June 2013 attack on Sanchez Zamora's sister and Sanchez Zamora did not explain how the attack was relevant to his own claim. The agency reasonably gave minimal weight to the affidavits because they were written by interested parties who were not made available for cross-examination, Fatima and Romero's

affidavits were identical aside from their names, and the affidavits contained information that conflicted with Sanchez Zamora's written statement and testimony. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ( "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to IJ's decision to accord "little weight" to letters from declarants who were "interested parties" and not available for cross-examination); *Mei Chai Ye*, 489 F.3d at 524 ("[S]triking similarities between affidavits are an indication that the statements are 'canned.'").

Fatima's and Romero's affidavits asserted that Sanchez Zamora witnessed his brother's abduction on December 22, 2013 and was subsequently attacked by the gang twice. In contrast, Sanchez Zamora claimed to have witnessed the abduction on either December 19, or December 28, 2013, and that he was attacked by the gang once. Moreover, Ismelda stated that the brother who was abducted "was related with members of the gang MS of the suburb La Palma." Certified Admin. Record at 182. In contrast, Sanchez Zamora claimed that he did not know why his brother was abducted and did not indicate that he may have been affiliated with a gang.

9

Taken together, the inconsistencies, the lack of responsiveness to questions, and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 166–67; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.[2]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] As the Government points out, Sanchez Zamora likewise did not meaningfully challenge the denial of the CAT relief to the BIA, which deemed that claim waived. Accordingly, the CAT claim is unexhausted and not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023).